IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

NICKI NEWELL,

        Plaintiff,

vs.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

        Defendant.

Civil No. 16-cv-642-JPG-CJP

**MEMORANDUM and ORDER**

Plaintiff Nicki Newell, acting *pro se*, seeks judicial review pursuant to 42 U.S.C. § 405(g) of the final agency decision denying her social security disability benefits.

After the Commissioner filed the transcript of administrative proceedings, the Court entered a briefing schedule which required plaintiff to file a brief in support of her complaint by October 11, 2016. That order stated that "The submission of a brief is mandatory, and the failure to submit a brief in the form provided above may result in appropriate sanctions by the Court." (Doc. 18). When plaintiff failed to file a brief as ordered, the Court, on its own motion, granted her an extension to April 28, 2017. That order contained the following warning:

**Plaintiff is cautioned that this case will be dismissed if she does not file her brief by April 28, 2017.**

(Doc. 20) (emphasis in original).

Plaintiff has failed to file her brief as ordered. Federal Rule of Civil Procedure 16(f) provides that the Court may sanction a party who fails to obey a scheduling or other pretrial order. Rule 16(f) incorporates the sanctions provisions of Federal Rule of Civil Procedure 37(b). Thus,

1

it is clear that the Court has the authority to impose sanctions, including dismissal, for failure to file a brief as ordered.

This Court has given plaintiff the required "warning shot," *i.e.*, warning of the consequences of failing to follow its orders. *See Ball v. City of Chi.*, 2 F.3d 752, 755 (7th Cir. 1993). Plaintiff failed to obey the Court's orders and has failed to diligently prosecute her case. Pursuant to *Johnson v. Chicago Board of Education*, 718 F. 3d 731 (7th Cir. 2013), the Court has considered whether a sanction short of dismissal of this case might be fruitful, and finds that it would not. Therefore, this cause of action will be dismissed.[1]

This cause of action is ordered **DISMISSED with prejudice**

The Clerk of Court is **DIRECTED** to enter judgment in favor of defendant.

**IT IS SO ORDERED.**

**Date: May 3, 2017**

                                        s/ J. Phil Gilbert
                                        **J. PHIL GILBERT**
                                        **U.S. DISTRICT JUDGE**

---

[1] If plaintiff wishes to appeal the dismissal of this case, she may file a notice of appeal with this court within 60 days of the entry of judgment. Federal Rule of Appellate Procedure 4(a)(1)(B). Plaintiff is further advised that, if she intends to file a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e), that motion must be filed no later than 28 days after the entry of the judgment, and the 28 day deadline cannot be extended. A proper and timely Rule 59(e) motion may toll the 60-day appeal deadline. Other motions, including a Rule 60 motion for relief from a final judgment, order, or proceeding, do not toll the deadline for an appeal.